Paul vs. Hoss.

## No. 681.

### A. E. PAUL VS. JACOB HOSS ET AL.

The property in controversy belonged to the community existing between the plaintiff and husband, H. Murphy, now deceased. The plaintiff having sued her husband for separation from bed and board, and for paraphernal property, and for her interests in the community property, the suit was dismissed by consent; and by an act in the form of a donation the usufruct or the rents of one half of the property, separate and community, owned by him, was given to her during her life, and he agreed not to sell or incumber the property. This is claimed to be a compromise of the suit.

Shortly after this, the property in dispute was mortgaged by Murphy to Hoss, the defendant in this suit, for money loaned. Murphy having died, and Hoss having obtained an order of seizure and sale of said property, the sale was enjoined by plaintiff, and on appeal to this court said injunction was dissolved.

On the aforesaid property being finally sold on a writ of seizure and sale obtained by Hoss, it was adjudicated to him, and the sheriff ejected the plaintiff from the premises in order to give the said Hoss complete possession, and this was done some time after the sale, and after the sheriff had returned the writ. It is of this act of the sheriff that the plaintiff chiefly complains. She maintains that the property did not belong to the succession of her husband, but had become hers by virtue of a partition resulting from a judgment obtained by her contradictorily with her co-heirs pending the injunction suit aforesaid, and recognizing her rights as asserted in said injunction suit.

The judge *a quo* erred in overruling the plea of *res judicata* set up by defendant. The alleged grounds in plaintiff's petition are the same in substance as those set up in the injunction suit.

The partition judgment obtained by plaintiff could not affect the rights of the mortgage creditor, who then had the property under seizure, or of any other creditor.

If in the suit of the plaintiff against her husband the act of donation which took place be regarded as a compromise, and if it be conceded that the law authorizes compromises between husband and wife (which, however, this court does not believe), still it could have no greater effect than a regular judgment, and it is well settled that, when a wife asserts any rights against a creditor of the husband, by virtue of a judgment in her favor against him, she must prove that the judgment was well founded in law and in fact.

The debt of Hoss was created during the community, which was dissolved by the death of plaintiff's husband. She had not renounced the community, but on the contrary, had taken possession of one half of the community property in a partition with the heirs; she was therefore responsible for her share of the community property in her possession; and the price of the sale went to extinguish taxes and other community debts, which should be refunded to the purchaser, or, at least, tendered to him before an action to revoke the sale can be instituted.

The sheriff's seizure was sufficiently accomplished. He went upon the property and gave notice to all the occupants thereof of his seizure, and notified the tenants to pay rents to him, and he appointed one of the tenants keeper for him. The fact that he permitted the plaintiff to remain on the premises did not vitiate the seizure.

The possession of the judgment debtor is dissolved by the legal seizure under the writ. It is vested in the sheriff until the property is disposed of; that officer is considered the rightful possessor, and can maintain an action of trespass against any person disturbing him in such possession.

If the privileged claims which are asserted did exist, they were general privileges, and should have been asserted against the property and money in the hands of the executor.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Looney*, J. *A. N. O. Hicks*, for plaintiff and appellee. *Egan & Wise*, for defendant and appellant.

LUDELING, C. J. This is an action against the sheriff of Caddo parish and Jacob Hoss for damages for an alleged illegal and forcible dispossession of the plaintiff from the premises claimed and occupied by her, and to have the title of Hoss, acquired at sheriff's sale, declared null.

The property in controversy belonged to the community existing between the plaintiff and her husband, Hugh Murphy, now deceased.

In 1870 the plaintiff sued her husband for separation from bed and board, for her paraphernal property, and for her interest in the community property.

This suit was dismissed by consent, and on the tenth of March, 1870, by an act in the form of a donation, the usufruct, or the rents, of one half the property, separate and community, owned by him, was given to her during her life, and he agreed not to sell or incumber the property. It is claimed that this was a compromise of the suit, which was dismissed in consequence of the execution of this act.

Some time after this Hoss, loaned Murphy money, and Murphy executed a mortgage on the property in dispute to secure the payment of the loan. Murphy having died without paying this debt, Hoss obtained an order of seizure and sale to sell the mortgaged property. This sale was enjoined by the plaintiff, and, on appeal to this court, the injunction was dissolved in July, 1874. See 26 An. 643.

The sheriff then proceeded with the sale, and adjudicated the property to J. Hoss, but he failed to put the vendee in possession. Hoss then took a rule on the sheriff to show cause why he neglected to give him (Hoss) possession of the property, and the rule was discharged, on the ground that no seizure had been made. Thereupon another writ was issued, and the property was seized, and, after advertisement, sold, when Hoss again became the adjudicatee of the property, and the sheriff forcibly ejected the plaintiff from the premises in order to give the said Hoss complete possession. This dispossession was some time after the sale, and after the sheriff had returned the writ. It is this act of the sheriff that the plaintiff chiefly complains of. After the institution of the injunction suit, and while it was pending on appeal, the plaintiff instituted a suit for a partition of the succession property of her deceased husband, and she contends that she obtained a judgment of partition which vested in her the property in question free from all claims against said succession created subsequently to the date of the alleged compromise, and that she was in possession for more than one year when the sheriff illegally dispossessed her, as above stated, and she attacked the sale to Hoss on the grounds that the property did not belong to the succession of Murphy; that the sheriff made no seizure of it, and that the price bid

did not exceed the privilege claims against the property which were superior to his mortgage.

The defendant, Hoss, among other defenses, pleaded the judgment in the injunction suit, decided by this court in 1874 and reported in 26 An. p. 643, as *res judicata.*

The judge *a quo* overruled the plea. We think the judge erred. The alleged grounds of ownership in her petition are the same in substance as those set up in the injunction suit. The only additional ground is, that she had a judgment, obtained contradictorily with her co-heirs, recognizing her rights asserted in the injunction suit. This certainly could not affect the rights of the mortgage creditor who then had the property under seizure, or of any other creditor. 25 An. 484; 12 An. 604. Even if the act of donation be regarded as *a compromise,* and if it be conceded that the law authorizes compromises between husbands and wives (which, however, we do not believe), still, it could have no greater effect than a judgment regularly rendered between them. It is well settled that when a wife asserts any right against a creditor of the husband, by virtue of a judgment in her favor against him, she must prove that the judgment was well founded in law and in fact. This she has utterly failed to do in this case. Besides, the debt of Hoss was created during the community which was dissolved by the death of Murphy. She had not renounced the community, but, on the contrary, had taken possession of one half of the community property in a partition with the heirs. She was, therefore, responsible for her share of the community debts, at least to the extent of the community property in her possession, and the price of the sale went to extinguish taxes and other community debts, which should be refunded to the purchaser, or at least tendered to him, before an action to revoke the sale can be instituted. See Barrilli vs. Gauche, 24 An.

As to the allegations that the sheriff did not seize the property because he did not take actual possession, the proof is that the sheriff went upon the property and gave notice to all the occupants thereof of his seizure, and notified the tenants to pay rents to him, and he appointed one of the tenants keeper for him. The fact that he permitted the plaintiff to remain on the premises did not vitiate the seizure. See 5 M. 268.

"The possession of the judgment debtor is dissolved by the legal seizure under the writ. It is vested in the sheriff until the property is disposed of; that officer is considered the rightful possessor, and can maintain an action of trespass against any person disturbing him in such possession," etc. "When the adjudication is made, its legal effect is to transfer to the purchaser all the rights and claims which the debtor might have had to it. The sheriff is, therefore, bound to pass an act of

sale to the purchaser, and to surrender to him the possession of the property sold." 6 R. 100; 20 An. 573.

As to the allegation that the property did not sell for enough to pay the privilege claims on the property superior to the mortgage of Hoss, the evidence is, that taxes to the extent of seven hundred dollars were due, and the other privileged claims, amounting to about eight hundred dollars, consisted of attorney's fees, administrator's commissions, court costs, and physician's bill. The price bid and paid was ten hundred and fifty dollars, more than enough to pay the taxes, and there is no proof of the registry of the other claims alleged to be privileged; but it does appear that the executor of Murphy had other property of the succession, and that he paid to the plaintiff herself over nineteen hundred and twelve dollars in money, besides delivering to her property worth upward of four thousand dollars, being the half of the inventoried value of the money and property in his possession at the date of the partition of the estate of Murphy. If those privileged claims existed, they were general privileges, and should have been asserted against the property and money in the hands of the executor.

It is therefore ordered and adjudged that the judgment of the lower court be avoided and reversed, and that there be judgment in favor of the defendants, rejecting the plaintiff's demands with costs in both courts.